# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

    Plaintiff,

vs.

ATLANTA RESTAURANT PARTNERS,
LLC d/b/a TGI Fridays on S Dixie Highway
and UNIVERSITY SHOPPING CENTER LLP

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Atlanta Restaurant Partners, LLC doing business as TGI Fridays on S Dixie Highway and Defendant University Shopping Center LLP for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants Atlanta Restaurant Partners and University Shopping Center LLP are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" of cover entities' compliance with the ADA/ADAAG.

5. Defendant Atlanta Restaurant Partners, LLC (also referenced as "Defendant Atlanta Restaurants," "operator," lessee" or "co-Defendant") is a foreign limited liability company which is authorized to transact business in Florida. Atlanta Restaurant Partners, LLC is a subsidiary of TGI Fridays which is a privately owned casual dining restaurant chain which has over 860 locations worldwide. TGI Fridays restaurants are owned by the subsidiary, the parent company and also are franchised to independent owner/operators. In this instant case, Atlanta Restaurant Partners, LLC (TGI Fridays subsidiary) is the owner and operator of the "TGI Fridays" restaurant located within the University Shopping Center at 1200 South Dixie Highway, Coral Gables, Florida 33146.

6. Defendant University Shopping Center LLP (also referenced as "Defendant Shopping Center," "owner," lessor" or "co-Defendant") is a Florida limited liability partnership which is the owner of commercial real property identified as Folio 03-4130-004-0010, which encompasses the property more commonly known as "University Shopping

Center" at 1200 to 1250 South Dixie Highway, Coral Gables, Florida 33146. The University Shopping Center is a strip shopping center on South Dixie Highway which, besides the TGI Fridays restaurant, also houses the following places of public accommodation: Miami Plastic Surgery, AT&T store, Skoon Salon & Spa, Banfield Pet Hospital, and Club X (a fitness club).

## FACTS

7. At all times material hereto, Defendant Shopping Center has leased the 1200 S Dixie Highway portion of their University Shopping Center to Defendant Atlanta Restaurants who in turn has operated (and continues to operate) one of its TGI Fridays brand casual restaurants within that leased space.

8. The TGI Fridays restaurant at 1200 South Dixie Highway, Coral Gables, Florida 33146 is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "[A] restaurant, bar, or other establishment serving food or drink." The subject TGI Fridays restaurant is also referred to as TGI Fridays (on S. Dixie Highway)," "restaurant," or "place of public accommodation."

9. As the operator of a restaurant which is open to the public, Defendant Atlanta Restaurants is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. As the owner of a strip shopping center, part of which is built out and utilized as a TGI Fridays brand restaurant open to the general public, Defendant Shopping Center

3

are also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

11.     Due to the close proximity to Plaintiff's home to the TGI Fridays on S. Dixie Highway, on December 11, 2021 Plaintiff personally visited the restaurant to purchase a meal and dine therein and test for compliance with the ADA/ADAAG.

12.     When Plaintiff had occasion to visit the restroom, he encountered barriers to access because he perambulates with a wheelchair.

13.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the TGI Fridays restaurant (Defendant Atlanta Restaurants) and by the owner of the University Shopping Center strip mall which houses the restaurant (Defendant Shopping Center).

14.     As the owner and operator of a multitude TGI Fridays restaurants and as a subsidiary of a parent company which has over 860 owned and franchised TGI Fridays restaurants throughout the world, Defendant Atlanta Restaurants is well aware of the ADA and the need to provide for equal access in all areas of its restaurants. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its TGI Fridays on S. Dixie Highway restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15.     As the owner of a commercial strip mall part which is operated as a TGI Fridays restaurant open to the public, Defendant Shopping Center is a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2). On information and belief, Defendant Shopping Center are aware of the ADA and the need to

provide for equal access in all areas of their commercial properties which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial properties by insuring that it is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the TGI Fridays restaurant on S Dixie Highway and/or test the restaurant for compliance with the ADA/ADAAG , but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the TGI Fridays restaurant on S. Dixie Highway with the intention of patronizing and/or testing that restaurant for compliance with the ADA/ADAAG, but as a disabled individual who utilizes a wheelchair for mobility, Plaintiff has been denied adequate accommodation due to the restaurant's inaccessible restroom features, and as a result has suffered an injury in fact.

23. Defendant Shopping Center and Defendant Atlanta Restaurants have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the University Shopping Center and the TGI Fridays restaurant located therein in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the TGI Fridays restaurant.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendant Shopping Center and Defendant Atlanta Restaurants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

6

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. Defendant Shopping Center's University Shopping Center which houses Defendant Five Guys Restaurant's TGI Fridays is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Atlanta Restaurants (operator of the restaurant) and Defendant Shopping Center (owner of the University Shopping Center) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

    ii.    As to Defendant Atlanta Restaurants (operator of the restaurant) and Defendant Shopping Center (owner of the University Shopping Center) (jointly and severally), Plaintiff could not enter the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to a stall partition. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

    iii.    As to Defendant Atlanta Restaurants (operator of the restaurant) and Defendant Shopping Center (owner of the University Shopping Center) (jointly and severally), Plaintiff could not use the lavatory sink outside the stall without assistance due to the encroaching item (trash can). Because the trash bin encroaches over lavatory clear floor space, this is a violation of Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design. Section 4.19.3 states that clear floor space must comply with Section 4.2.4 and allow for a forward approach in front of a lavatory shall be provided with dimensions of: 30 in by 48 in (760 mm by 1220 mm). Section 606.2 states that clear floor space must comply with Section 305 (30 inches minimum by 48 inches minimum) positioned for a forward approach. The trash bin encroaches over this clear floor space.

  iv. As to Defendant Atlanta Restaurants (operator of the restaurant) and Defendant Shopping Center (owner of the University Shopping Center) (jointly and severally), Plaintiff could not use the lavatory inside the stall without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design. Section 4.19.3 states that clear floor space must comply with Section 4.2.4 and allow for a forward approach in front of a lavatory shall be provided with dimensions of: 30 in by 48 in (760 mm by 1220 mm). Section 606.2 states that clear floor space must comply with Section 305 (30 inches minimum by 48 inches minimum) positioned for a forward approach. The trash bin encroaches over this clear floor space.

  v. As to Defendant Atlanta Restaurants (operator of the restaurant) and Defendant Shopping Center (owner of the University Shopping Center) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink inside the stall which does not have wrapped bottom sink pipes. Non-existent insulation to protect users of that sink against the plumbing pipes under the sink is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not wrapped or maintained.

  vi. As to Defendant Atlanta Restaurants (operator of the restaurant) and Defendant Shopping Center (owner of the University Shopping Center) (jointly and severally),

Plaintiff could not use the hand dryer without assistance as the hand dryer is mounted in violation of 1991 ADAAG Section 4.2.5 which states that, if the clear floor space only allows forward approach to an object, the maximum high forward reach allowed shall be 48 in (1220 mm) (as in Fig. 5(a)) and the minimum low forward reach is 15 in (380 mm). If the high forward reach is over an obstruction, reach and clearances must comply with in Fig. 5(b), which is not attained in this instant case. This is also a violation 2010 ADAAG Standards for Accessible Design Section 308.2.1, which states that the accessible height for a forward reach dispenser shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

28. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants (and each of them) are required to make the commercial property and the restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant University Shopping Center LLP (owner of the University Shopping Center) and

Defendant Atlanta Restaurant Partners, LLC (operator of the TGI Fridays restaurant located therein) and requests the following injunctive and declaratory relief:

   a) The Court declare that Defendants have violated the ADA;

   b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

   c) The Court enter an Order requiring Defendants to alter the University Shopping Center and the TGI Fridays restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

   d) The Court award reasonable costs and attorneys fees; and

   e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 28th day of February, 2022.

>Respectfully submitted,

>*/s/ J. Courtney Cunningham*
>J. Courtney Cunningham, Esq.
>J. COURTNEY CUNNINGHAM, PLLC
>FBN: 628166
>8950 SW 74th Court, Suite 2201
>Miami, Florida 33156
>Telephone:  305-351-2014
>Email: cc@cunninghampllc.com
>*Counsel for Plaintiff*